JOHN L. HUTCHINSON vs. INHABITANTS OF METHUEN.

The restriction of cross-examination on immaterial matters is not a subject of exception.
In a suit against a town for an injury sustained by reason of a defective highway, the opinion of a witness as to the state of repair of the road two or three months before the accident is incompetent.

TORT for a personal injury sustained by reason of a defective highway. At the trial in the superior court, before *Wilkinson*, J., the plaintiff called as a witness one Goss, who was asked, in cross-examination, if the surveyor of the district necessarily passed over the place of accident every time he visited the post-office ; which question was objected to and ruled out. The accident occurred on September 6th ; and the defendant, having introduced a witness who had been accustomed to work upon roads, and who had repaired the bar which was alleged to be the cause of the accident on or about June 25th before, asked him how he left the road at the place of the accident, as regards the state of repair, according to his best judgment, at the time stated; which question was objected to and ruled out. The verdict was for the plaintiff, and the defendants alleged exceptions.

*B. F. Butler & B. F. Watson*, for the defendants.

*D. Saunders, Jr.* ( *S. B. Ives, Jr.* with him,) for the plaintiff.

BIGELOW, C. J. No question was made at the trial concerning notice to the town of the alleged defect in the highway. The interrogatory put to the witness Goss was therefore irrelevant and immaterial, and it was clearly within the discretion of the court to determine whether it should be put on cross-examination.

The opinion of the witness concerning the state of repair of the road was incompetent. *Lincoln* v. *Barre*, 5 Cush. 590.

*Exceptions overruled with double costs, and nine per cent.
interest on the verdict.*